

**FILED**
**Mar 07, 2023**
**12:00 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Steven Qualls | ) | Docket No. 2022-02-0451 |
| | ) | |
| v. | ) | State File No. 800994-2022 |
| | ) | |
| Federal Mogul, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee disputes the trial court's conclusion that he did not come forward with sufficient evidence to establish his entitlement to a panel of physicians. The employee alleges he suffered a back injury at work when he lifted a heavy box. Initial medical records from providers the employee saw on his own do not reflect any reports or descriptions of a work-related accident. In a decision on the record, the trial court concluded the employee had not shown he is likely to prevail at a hearing on the merits in establishing an entitlement to medical benefits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Christopher D. Markel, Chattanooga, Tennessee, for the employee-appellant, Steven Qualls

Christopher G. Rowe, Brentwood, Tennessee, for the employer-appellee, Federal Mogul

### Factual and Procedural Background

Steven Qualls ("Employee") worked for Federal Mogul ("Employer") as an "order picker."[1] He alleges he injured his back on or about June 24, 2022, by picking up a heavy

---

[1] In the record, Employer is referred to as Tenneco, Inc., Tenneco Automotive, Tennco Automotive, or Federal Mogul. In this opinion, we use the designation as reflected in the trial court's expedited hearing order.

box.[2]  In a Rule 72 Declaration, Employee alleged that he reported the incident to a supervisor he identified only as "Daniel" and that Daniel told him to "take it easy for the rest of [his] shift."  Employee further stated that, after leaving work, his pain worsened, which prompted him to seek medical care at a local emergency room.  He described telling the attending medical providers that he injured his back at work.

Employee asserted that he was given work restrictions by the emergency room provider and relayed those restrictions to Employer the following day, but he was not given modified duty work.  Employee testified in his Rule 72 Declaration that he informed numerous supervisors or others with managerial authority of his work-related injury, including Daniel, "Victor," Megan Poe, "Stewart," and "John."  Four days later, he saw Jennifer Dyer, NP, at The Health Group of McMinnville, who referred him for a neurosurgical consultation.

Victor Stewart, an operations supervisor at Employer, filed a Rule 72 Declaration in which he disputed Employee's account of the events.  Mr. Stewart stated that Employee never reported any alleged work-related injury to him.  Upon learning that Employee was experiencing a problem with his back, Mr. Stewart requested that Employee speak with John Kleinschmidt, the weekend operations manager, to discuss his work status.  Mr. Stewart stated he and Employee spoke with Mr. Kleinschmidt and that Employee was asked to obtain more specific light duty restrictions to facilitate returning to work in a modified duty capacity.  Mr. Stewart denied that Employee at any time described a work accident or stated that his medical treatment was associated with a work-related injury.  Mr. Stewart asserted that the first time he learned Employee was alleging a work-related injury was when he received notice that a Petition for Benefit Determination had been filed.  Mr. Kleinschmidt also filed a Rule 72 Declaration corroborating the statement of Mr. Stewart.

The parties submitted medical records for the court's review.  The June 24, 2022 record from the emergency room indicates Employee presented for evaluation of back pain.  The history documented in that report indicates that the "onset was pa[s]t 2 weeks, gradually worsening."  The record also stated, "Type of injury: none" and "The location where the incident occurred was at home."  The report goes on to say that Employee "lifts heavy objects at work and felt worsening pain today."  It further reflected that Employee reported suffering from chronic neuropathy in both feet related to other health conditions.  He was diagnosed with mild spondylosis, and objective testing revealed no acute findings.  Employee indicated to the medical personnel that he thought he "blew his back out."

Four days later, he saw his primary care provider, Ms. Dyer, who noted that Employee had told the emergency room personnel that he "blew his back out" but that he did not know how it happened.  She observed that he worked in an auto parts store and did

---

[2] Employee initially reported that the accident occurred on June 25, 2022, but he later indicated that the date of injury was June 24, 2022.

a lot of lifting but stated that Employee indicated he was unsure how it happened. She referred him to a neurosurgeon, but it does not appear from the record that he was evaluated by a neurosurgical specialist at that time.

On August 1, 2022, approximately two weeks after filing a petition for benefit determination, Employee called Ms. Dyer's office, stating that the pain clinic to which they had referred him did not accept workers' compensation patients. The person who took the message indicated that she had informed him that their office did not accept workers' compensation patients either "if it is not handled in the correct way and we do not have [a] recored [sic] of such injuries." In response to the message, Ms. Dyer stated that "[t]his was never worked up as a [sic] work comp. Pt never told me or ER that this was work comp. If it was turned in as work comp then whomever he saw after us will have to handle it . . . I am NOT going to change anything in my records so he needs to contact someone else."

On September 27, 2022, Employee saw Dr. Jeffrey Peterson, an orthopedist, who noted that Employee had lumbar facet joint pain, lumbar degenerative disc disease, neural foraminal stenosis of the lumbar spine, and lumbar nerve root impingement. This record is the first time a specific work accident was documented in the medical records, as Employee told Dr. Peterson he experienced back pain after picking up a heavy box at work in June. He denied having any back pain prior to lifting the box at work.

In conjunction with filing a request for an expedited hearing, Employee requested that the court make a decision on the record, and Employer did not object. On December 8, the trial court issued an order denying Employee's request for medical benefits, concluding that Employee had not come forward with sufficient evidence to establish he will likely prevail at a hearing on the merits. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in

3

accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

In his notice of appeal, Employee asserts that the trial court erred in determining where the preponderance of the evidence lies. He further asserts that he met his burden of proof to establish entitlement to a panel of physicians. We disagree.

In *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015), we addressed an injured worker's burden of proof at an expedited hearing:

> An employee bears the burden of proof for all prima facie elements of a workers' compensation claim. . . . While we agree that an employee need not prove his or her claim by a preponderance of the evidence at an expedited hearing to obtain temporary disability or medical benefits, an employee nevertheless has the burden to come forward with sufficient evidence of an injury by accident from which the court can conclude that he or she is likely to prevail at a hearing on the merits, consistent with Tennessee Code Annotated section 50-6-239(d)(1).

> Thus, an injured worker retains the burden of proof at all stages of a workers' compensation claim. At an expedited hearing, a trial court may grant relief if the court is satisfied that an employee has met the burden of showing that he or she is likely [to] prevail at a hearing on the merits. *This lesser evidentiary standard, embodied in section 50-6-239(d)(1), does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing*, but allows some relief to be granted if that evidence does not rise to the level of a "preponderance of the evidence."

*Id.* at *5-6 (citations omitted) (emphasis added).

In support of his contentions, Employee relies on our decision in *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015), to bolster his argument that he presented sufficient evidence to meet the burden of proof at this interlocutory stage of the case. That case concerned an injured worker who had received no medical care, either on her own or authorized by her employer. We considered an employer's obligation to provide a panel of physicians in those circumstances, stating:

4

[A]n employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to be entitled to temporary disability or medical benefits, but must instead present evidence sufficient for the trial court to conclude that the employee would likely prevail at a hearing on the merits in accordance with the express terms of section 50-6-239(d)(1). A contrary rule would require many injured workers to seek out, obtain, and pay for a medical evaluation or treatment before his or her employer would have any obligation to provide medical benefits. The delays inherent in such an approach, not to mention the cost barrier for many workers, would be inconsistent with a fair, expeditious, and efficient workers' compensation system. *See* Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2014). Moreover, we note that since an expedited hearing is interlocutory in nature, either party may present additional evidence at the final compensation hearing and ask the trial court to reverse or modify the interlocutory order.

*Id.* at 9-10. However, in that opinion, we also explained that "mere notice of an alleged workplace accident, in and of itself, does not trigger an employer's duty to provide medical benefits in every case, *without regard to the particular circumstances presented.*" *Id.* at *13 (emphasis added).

In the present case, based on our review of the "particular circumstances presented," we conclude the trial court did not err in assessing where the preponderance of the evidence lies. In contrast to Employee's statements in his Rule 72 declaration, the medical records from the emergency room and Ms. Dyer do not support his testimony regarding the occurrence of a specific work-related accident identifiable by time and place of occurrence, despite those visits being on the day of the alleged incident and four days later, respectively. Instead, those records reflect that Employee had been experiencing back pain for two weeks and that he did not know how he injured himself. Ms. Dyer emphasized that in her response to a phone message in which she indicated that Employee did not report a work injury to her and that she would not alter her notes to reflect otherwise.

Moreover, Employer offered two Rule 72 Declarations of two operations managers with whom Employee spoke about his need for modified duty. Employee maintains that he informed both men of the work accident, but both managers deny any knowledge of a work accident until they received notice that Employee had filed a petition for benefit determination.

Employee saw an orthopedic surgeon on his own over two months after filing his petition, and that record contains the first mention of a specific work-related accident. Even then, however, Dr. Peterson has, to date, offered no opinion regarding causation and whether Employee's need for treatment arose primarily from a work-related accident. In sum, the preponderance of the evidence supports the trial court's conclusion that Employee

5

did not come forward with sufficient proof of a work-related injury to establish he is likely to prevail at a hearing on the merits with respect to his entitlement to workers' compensation benefits.

## Conclusion

For the foregoing reasons, we affirm the trial court's decision and remand the case. Costs on appeal are taxed to Employee.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Steven Qualls | ) | Docket No. 2022-02-0451 |
| | ) | |
| v. | ) | State File No. 800994-2022 |
| | ) | |
| Federal Mogul, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of March, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Christopher D. Markel | | | | X | cmarkel@markelfirm.com jdickey@markelfirm.com |
| Chris Rowe | | | | X | cgrowe@mijs.com jkprendergast@mijs.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov